John P. Lewis, Jr.
Texas State Bar No. 12294400
Email: jplewis@haywardfirm.com
Telephone: 972-755-7106
Wyatt Shirley
Texas State Bar No. 24131665
Email: wshirley@haywardfirm.com
Telephone: 972-755-7102
Hayward PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231

T. Gregory Jackson
Texas State Bar No. 00794018
greg.jackson@arcadijackson.com
Telephone: 214.865.6587
Aaron C. Christian
Texas State Bar No. 24094943
aaron.christian@arcadijackson.com
Telephone: 214.865.6562
Arcadi Jackson, LLP
2911 Turtle Creek Blvd., Suite 1100
Dallas, TX 75219
www.arcadijackson.com

ATTORNEYS FOR PLAINTIFF, RREAF HOLDINGS, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **VPC VILLAGE AT PEPPER CREEK CONSTRUCTION SERVICES, LLC,** | **CASE NO. 25-34968-MVL-7** |
| **DEBTOR.** | |
| **RREAF HOLDINGS, LLC,** | |
| **PLAINTIFF,** | |
| **V** | **ADVERSARY NO. _____** |
| **JEFFREY H. MIMS, CHAPTER 7 TRUSTEE FOR VPC VILLAGE AT PEPPER CREEK CONSTRUCTION SERVICES, LLC,** | |
| **DEFENDANT.** | |

## COMPLAINT

RREAF Holdings, LLC ("Plaintiff" or "RREAF Holdings"), creditor and party in interest

in the above-styled and numbered Chapter 7 bankruptcy case (the "Bankruptcy Case"), by and

through its undersigned counsel, complaining of Jeffrey H. Mims, Chapter 7 Trustee for Debtor,

Page **1** of **10**

**COMPLAINT**

VPC Village at Pepper Creek Construction Services, LLC, files this *Complaint* ("Complaint")

seeking a declaratory judgment and other relief under the Federal Declaratory Judgment Act (28

U.S.C. § 2201) pursuant to Rule 7001(i) of the Federal Rules of Bankruptcy Procedure declaring

that RREAF Holdings is not the alter ego of Debtor, VPC Village at Pepper Creek Construction

Services, LLC ("Debtor" or "VPC"), and in support thereof respectfully shows as follows:

## I. JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction over this adversary proceeding pursuant

to 28 U.S.C. §§ 157 and 1334(b) as a core proceeding arising under Title 11, arising in a case under

Title 11, and relating to a case under Title 11, in the United States Bankruptcy Court for the

Northern District of Texas, Dallas Division ("Bankruptcy Court"), captioned *VPC Village At*

*Pepper Creek Construction Services, LLC*, Case No. 25-34968 ("Bankruptcy Case").

2.      This adversary proceeding is a "core" proceeding to be heard and determined by

the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter final

orders for matters contained herein.

3.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4.      Plaintiff, RREAF Holdings, LLC, is a Texas limited liability company whose

principal offices and place of business are in Dallas, Texas.

5.      Defendant, Jeffrey H. Mims ("Trustee" or "Defendant"), is the duly appointed and

acting Chapter 7 Trustee for VPC Village at Pepper Creek Construction Services, LLC. Debtor is

a Texas limited liability company that is a wholly owned subsidiary of Plaintiff.

**COMPLAINT**

### III. PROCEDURAL BACKGROUND

6.     The Debtor filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code ("Petition") on December 11, 2025 ("Petition Date").

7.     Jeffrey H. Mims is the duly appointed Chapter 7 Trustee.

8.     On June 24, 2025, the Trustee filed his *Trustee's Motion to Settle and Sell Claims Against RREAF Holdings, LLC* in which the Trustee seeks to sell various alleged causes of action against RREAF Holdings, including "[a]ny and all claims that the Trustee, the Debtor, or the Debtor's bankruptcy estate might have against RREAF Holdings, LLC or any of its affiliates, including, without limitation, all such claims that were the subject of prepetition litigation in Bell County, Texas or any arbitration proceeding related thereto, including, without limitation, any 'alter ego', 'veil piercing', 'reverse veil piercing', or 'common business enterprise' theories of recovery" ("Alleged Claims").

9.     Village at Pepper Creek, L.P. ("VPC") filed Proof of Claim No. 13 for an unliquidated amount in the Bankruptcy Case.

### IV. FACTUAL BACKGROUND

**A. Underlying State Court Litigation & Arbitration**

1.     On August 17, 2023, Debtor initiated a lawsuit ("State Court Lawsuit") in the 146th Judicial District Court of Bell County, Texas Bell County District Court ("State Court") subject to an arbitration clause resulting from VPC's failure to pay Debtor outstanding amounts for work and materials related to a construction project in Temple, Bell County, Texas, known as "Village at Pepper Creek" (the "Project").[1]

---

[1] The State Court lawsuit was brought by Debtor against VPC. VPC answered and filed counterclaims against Debtor and added RREAF Holdings as a third-party defendant. As of the filing of the bankruptcy, the Alleged Claims, to the extent they exist at all, belong exclusively to the Debtor.

Page **3** of **10**

**COMPLAINT**

2. On September 18, 2023, VPC filed its Original Answer, Counterclaim, and Third-Party Petition against RREAF Holdings. The sole claim alleged was for breach of contract against Debtor and RREAF Holdings.

3. On October 2, 2023, Debtor filed its answer to VPC's Counterclaim, and on October 23, RREAF Holdings filed its Original Answer to VPC's Third Party Petition. RREAF Holdings also joined in Debtor's motion to compel arbitration. On November 3, 2023, the State Court signed an order compelling arbitration and abating the State Court proceedings.

4. The Arbitration Proceeding was stayed by the filing of Debtor's Bankruptcy Case.

5. VPC did not seek relief from the automatic stay to continue to prosecute its claims against Debtor and RREAF Holdings in the Arbitration Proceeding.

**B. Alleged Claims Against Plaintiff**

6. The underlying facts with respect to the Alleged Claims concern a construction project on the Village at Pepper Creek apartment complex in Temple, Texas. Debtor initiated the underlying proceedings claiming VPC failed to pay all amounts required under the parties' construction contract.

7. In response, VPC filed a counterclaim pleading only a single breach of contract claim against both the Debtor and RREAF Holdings. VPC previously alleged that Debtor is the alter ego of RREAF Holdings.

8. VPC's claims against RREAF Holdings fail because there is no *alter ego* relationship between RREAF Holdings and Debtor to justify piercing the corporate veil and holding RREAF Holdings responsible for the alleged acts or omissions of the Debtor as its affiliate.

**COMPLAINT**

## C. Additional Allegations

9. The facts alleged against RREAF Holdings in VPC's live pleading in the Arbitration Proceeding were limited to the following:

i. "Specifically to VPC, RREAF Holdings marketed itself as a one-stop-shop for the construction and management of the Project at the heart of this dispute. The pitch was this: RREAF Holdings, LLC, by and through its 'family of companies,' would build the Project, would serve as the owner's representative during the construction of the Project, and would manage the apartment complex for VPC upon completion of construction of the Project (through an entity not a party to this suit named RREAF Residential, LLC)."

ii. "After weeks of negotiation with RREAF Holdings and RCS, on or about July 7, 2021, **VPC and RCS signed** an AIA101-2017 agreement for the construction of an apartment complex in Temple, Bell County, Texas (the 'Project'). MRB Group served as the Architect on the Project. Stephen Chad Stewart executed the Contract on behalf of a non-existent entity, RREAF Development Services, LLC, to serve as the Owner's Representative on the Project. Mr. Stewart is listed as a "Partner" of RREAF Development Services on RREAF Holdings' website. Additionally, at all times relevant to this matter, the fictional RREAF Development Services, LLC has been a wholly owned subsidiary or division and alter ego of RREAF Holdings."

iii. "The first pay application by RCS was submitted to VPC on September 24, 2021. The pay application included a cover letter on RREAF Holdings' letterhead and wiring instructions prompting the payment of the pay application to be directed to RREAF Holdings' bank account. Throughout the remainder of 2021 and until RCS' termination on the Project, each pay application submitted by RCS included a cover letter on RREAF Holdings' letterhead, directing payment to bank accounts belonging to RREAF Holdings. With the exception of disputed pay applications, payment on each pay application was made, as instructed, to RREAF Holdings. Further, each pay application until RCS' August 2022 [sic] was certified by RREAF Holdings in its capacity as the Owner's representative on the Project. Inexplicably, RREAF Holdings ceased making such certifications on each pay application from August 2022 until RCS' termination."

10. No other factual allegations were made by VPC against RREAF Holdings in the State Court or during the Arbitration Proceeding.

11. Any "alter ego" or "veil piercing" claims or remedies against RREAF Holdings now belong to the Debtor's bankruptcy estate under established Fifth Circuit authorities.

Page **5** of **10**

**COMPLAINT**

**D.  RREAF Holdings is Not the Alter Ego of Debtor.**

12.     In Texas, "[a] bedrock principle of corporate law is that an individual can incorporate a business and thereby normally shield himself from personal liability for the corporation's contractual obligations."[2] Moreover, "[t]he principles applicable to piercing the corporate veil apply equally to limited liability companies."[3] To pierce the corporate veil and impose liability under an alter ego theory of liability a plaintiff must show: (1) that the entity on which plaintiff seeks to impose liability is the alter ego of the debtor, and (2) that the corporate fiction was used for an illegitimate purpose, in satisfaction of the requirements of Business Organizations Code section 21.223(a) and (b).[4]

13.     Texas courts consider the following factors when determining whether there is an alter ego relationship: "(1) whether the entities shared a common business name, common offices, common employees, or centralized accounting; (2) whether one entity paid the wages of the other entity's employees; (3) whether one entity's employees rendered services on behalf of the other entity; (4) whether one entity made undocumented transfers of funds to the other entity; and (5) whether the allocation of profits and losses between the entities is unclear."[5] Moreover, the Texas legislature has clearly established that an affiliate-entity may not be held liable for the corporation's obligations unless it is the alter ego of the entity and the affiliate caused the corporation to be used for the purpose of, and indeed perpetrated, actual fraud for the benefit of the affiliate.[6]

---

[2] *U.S. KingKing, LLC v. Precision Energy Services, Inc.*, 555 S.W.3d 200, 212 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (quoting *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006)).
[3] *Id*. at 213.
[4] *Tryco Enterprises, Inc. v. Robinson*, 390 S.W.3d 497, 508 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd).
[5] *U.S. KingKing, LLC*, 555 S.W.3d at 214.
[6] *Id*.

Page **6** of **10**

**COMPLAINT**

14.     Texas courts will not disregard the corporate form and hold a corporation liable for the obligations of its subsidiary "except where it appears the corporate entity of the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances."[7]

15.     The Trustee cannot prevail against RREAF Holdings via an alter ego theory. The Trustee possesses no evidence supporting any "alter ego" or "veil piercing" theory of recovery other than the allegations made in VPC's prepetition pleadings in the State Court case and arbitration proceeding.

16.     VPC's Original Answer, Counterclaim, and Third-Party Petition failed to allege critical necessary facts in support of the conclusory alter ego-veil piercing allegation in that pleading. All VPC alleged is that "[a]t all times relevant to this matter, Debtor has been a wholly owned subsidiary and alter ego of RREAF Holdings. Additionally, at all times relevant to this matter, the fictional RREAF Development Services, LLC has been a wholly owned subsidiary or division and alter ego of RREAF Holdings."

17.     The undisputed evidence does not support the existence of an alter ego relationship between Debtor and RREAF Holdings. Debtor and RREAF Holdings are distinct legal entities, do not share any overlapping employees, officers, directors, managers, or other individuals with similar positions. Likewise, RREAF Holdings and Debtor maintain separate books and financial records, track their own profits and losses separately, and maintain separate bank accounts. Moreover, there has been no allegation – nor can there be any allegation – that RREAF Holdings

---

[7] *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374-75 (Tex. 1984) (reversing trial judgment against parent where liability for the tort was with the subsidiary entity); *Hanson Sw. Corp. v. Dal-Mac Const. Co.*, 554 S.W.2d 712 (Tex. App.—Dallas 1977, writ ref'd n.r.e.) (plaintiff failed to establish liability of parent corporation based on alter ego or agency theories for issues stemming from construction contract entered into with subsidiary, even though parent guaranteed purchase money loan for shopping center site, controlled flow of funds to subsidiary, and owned all of subsidiary's stock, and representations were made that parent or related companies owned the shopping center.).

Page **7** of **10**

**COMPLAINT**

is using the corporate fiction to perpetrate a fraud, despite the requirement to allege and prove as much in any proceeding seeking to pierce a corporate veil or determine one entity to be the alter ego of another entity.[8] VPC does not make a single allegation or mention of fraud in its Original Answer, Counterclaim, and Third-Party Petition. This is because no such fraud exists.

18.    Not only does VPC lack any evidence to support an alter ego veil piercing claim, but it also fails to make basic allegations to support this theory. Accordingly, VPC's alter ego allegations cannot be used as a basis to assess liability against RREAF Holdings—an entirely distinct and separate corporate entity.

19.    Accordingly, RREAF Holdings seeks a declaratory judgment that the Alleged Claims fail as a matter of law and cannot be asserted against RREAF Holdings by the Trustee or any other party.

## V. CAUSES OF ACTION AND REMEDIES

### COUNT I: DECLARATORY JUDGMENT

20.    RREAF Holdings incorporates all preceding paragraphs as if set forth fully herein.

21.    The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[9]

22.    "When considering a declaratory judgment action, a district court must engage in a three-step inquiry. The court must ask (1) whether an 'actual controversy' exists between the

---

[8] *U.S. KingKing, LLC*, 555 S.W.3d at 214.
[9] 28 USCS § 2201.

COMPLAINT

parties in the case; (2) whether it has authority to grant declaratory relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action."[10]

23.     Here, an actual controversy exists, as the Trustee has succeeded to the prepetition claims alleged by VPC in the State Court case.

24.     Here, an actual controversy exists whether the Debtor's estate possesses any "alter ego" or "veil piercing" claims against RREAF Holdings.

25.     Here, an actual controversy exists whether "alter ego" or "veil piercing" theories of recovery, which are remedies and not independent causes of action under Texas law, may be sold, assigned, or transferred by the Trustee to any third party.

26.     This Court has the exclusive jurisdiction to determine all issues concerning property of the estate and thus has the authority to grant declaratory relief and to enter a declaratory judgement as to whether RREAF Holdings is an "alter ego" of Debtor.

27.     This Court has the exclusive jurisdiction to enter a declaratory judgment declaring and determining whether Debtor's veil may be pierced under applicable Texas laws and authorities.

28.      This Court has the exclusive jurisdiction to determine all issues concerning property of the estate and thus has the authority to grant declaratory relief and to enter a declaratory judgement as to whether these "remedies"  exist and whether such "remedies" can be sold by the Trustee to a third party since the remedies of "alter ego" and "veil piercing" are not independent causes of action under Texas law.

---

[10] *Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 294 (5th Cir. 2019).

**COMPLAINT**

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment declaring that the Trustee's Alleged Claims fail as a matter of law and cannot be asserted against RREAF Holdings by the Trustee or any other party, and for all other such relief to which RREAF Holdings is entitled.

Dated:  July 20, 2026

Respectfully submitted,

/s/ *John P. Lewis, Jr.*

John P. Lewis, Jr.
Texas State Bar No. 12294400
Email: jplewis@haywardfirm.com
Telephone: 972-755-7106
Wyatt Shirley
Texas State Bar No. 24131665
Email: wshirley@haywardfirm.com
Telephone: 972-755-7102
Hayward PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231

AND

T. Gregory Jackson
Texas State Bar No. 00794018
greg.jackson@arcadijackson.com
Telephone: 214.865.6587
Aaron C. Christian
Texas State Bar No. 24094943
aaron.christian@arcadijackson.com
Telephone: 214.865.6562
Arcadi Jackson, LLP
2911 Turtle Creek Blvd., Suite 1100
Dallas, TX 75219
www.arcadijackson.com

**ATTORNEYS FOR RREAF HOLDINGS, LLC**

**COMPLAINT**